# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN MOST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE PURINA PETCARE COMPANY<br><br>Defendants. | Case No. 1:24-cv-12206 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Nestlé Purina PetCare Company ("Purina"), by and through its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

1.  On October 24, 2024, Plaintiff Ryan Most, individually and on behalf of himself and all others similarly situated, filed this action, captioned *Most v. Nestlé Purina PetCare Company*, in the Circuit Court for DuPage County, Illinois, and the case was docketed at 2024LA001255.

2.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the following papers served upon Purina are attached to this Notice:

    (a)  Attached hereto as **Exhibit A** is a true and correct copy of the complaint and exhibit thereto filed in this action ("Compl."); and

(b) Attached hereto as **Exhibit B** is a true and correct copy of all other process, pleadings, and orders filed in this action.

3. In accordance with 28 U.S.C. §1446(d), Purina will promptly serve this notice on Plaintiff's counsel and file a copy with the clerk of the Circuit Court for DuPage County, Illinois.

4. On October 30, 2024, Plaintiff purportedly served Purina via personal delivery of summons and complaint on CT Corporation System.

5. Under 28 U.S.C. § 1446(b) and Rule 6, Federal Rules of Civil Procedure, this removal is timely because Purina removed within 30 days of such service.

6. The time for Purina to respond to the complaint has not yet expired.

7. As the Supreme Court has explained, Congress enacted the Class Action Fairness Act ("CAFA") to ensure that federal courts hear large class actions with interstate consequences. *See, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Where, as here, the amount in controversy exceeds $5 million, a defendant and at least one putative class member are diverse, and the proposed class exceeds 100 members, CAFA confers subject-matter jurisdiction. 28 U.S.C. § 1332(d).

8. The removing party need only provide a "short and plain statement of the grounds for removal" and need not submit evidence with the removal petition. *See generally Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).

**VENUE**

9. Under 28 U.S.C. §§ 93(a)(1) and 1441(a), venue is proper in the United States District Court for the Northern District of Illinois because this Court embraces the Circuit Court for DuPage County, Illinois, where this action was pending.

## BRIEF OVERVIEW OF PLAINTIFF'S ALLEGATIONS

10. This case is a putative class action alleging violations of the Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, based on Plaintiff's allegations that Purina labels certain of its Friskies Party Mix Natural Yums products as containing "No Artificial Flavors Colors or Preservatives," when in fact they contain phosphoric acid and citric acid, which Plaintiff contends are artificial preservatives. Compl. ¶ 1.

11. Plaintiff seeks relief on behalf of a purported nationwide class of "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification." Compl. ¶ 41.

12. Plaintiff also seeks relief on behalf of a purported Illinois sub-class of "[a]ll persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification." Compl. ¶ 42.

13. Plaintiff claims that the action is one for "damages, injunctive relief, and any other available legal or equitable remedies." Compl. ¶ 1. Plaintiff seeks an order requiring Purina, at its own cost, to notify all members of the Class and the Sub-Class of the allegedly "unlawful, unfair, deceptive, and unconscionable conduct herein," judgment against Purina in an amount to be determined at trial, injunctive relief, and attorney's fees and costs, amongst other things. *See* Prayer for Relief, p. 14-15; Prayer for Relief, p. 16; Prayer for Relief, pp. 17-18.

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

14. Plaintiff sues on behalf of all persons who purchased any variety of Friskies Party Mix Natural Yums products within the past five years. Compl. ¶ 6, 41-42. Without more, this compels concluding that more than 100 putative class members bought the challenged products.

15. Plaintiff also alleges that "there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period." Compl. ¶ 43(a); *see also, e.g.*, *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[A defendant] may rely on the estimate of the class number set forth in the complaint."). Common sense and Plaintiff's allegations independently satisfy the requirement to show that the putative class likely exceeds 100 members.

**PURINA IS DIVERSE FROM AT LEAST ONE PUTATIVE CLASS MEMBER**

16. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2)(A).

17. Both at the time Plaintiff filed the Complaint, and continuing to the present, Purina was and is a Missouri corporation, with its principal place of business in Missouri. Compl. ¶ 3; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (explaining what constitutes a corporation's principal place of business). Under 28 U.S.C. § 1332(c)(1), Purina is thus a citizen of Missouri.

18. Plaintiff sues on behalf of a nationwide class of "[a]ll persons within the United States who purchased the Products" and an Illinois sub-class of "[a]ll persons within the State of Illinois who purchased the Products" within the last five years. Compl. ¶ 41-42. The putative class and subclass, comprised of "all persons" who purchased the challenged products anywhere in the United States, are thus not limited to citizens of the State of Missouri.

19. As a matter of law, the class as alleged necessarily includes numerous consumers not domiciled in or citizens of Missouri.

20. Based on the foregoing, minimal diversity exists on the face of the complaint because at least one member of the class is a citizen of a different state than Purina. *See* 28 U.S.C. § 1332(d)(2)(A).

### **THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

21. This case satisfies CAFA's amount in controversy requirement because the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6).

22. CAFA states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *Id*. The United States Supreme Court has instructed that "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

23. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014). "[T]he removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (citations omitted); *Dart Cherokee*, 574 U.S. at 89 (defendants may simply allege that the jurisdictional threshold has been met).

24. Plaintiff does not allege a particular amount in controversy in the complaint but seeks damages and restitution, including the purchase price of the challenged products on behalf

of himself and the putative class. *See* Compl. ¶ 64 (but for the allegedly false or misleading statements, Plaintiff and members of the putative classes "would not have purchased the Products"); Compl. ¶ 63 ("Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contain 'No Artificial Flavors Colors or Preservatives.'"); Compl. ¶ 60 (Plaintiff and putative class members suffered injuries, including "the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages."); *see also* Compl. ¶¶ 62, 65.

25. Between October 24, 2019, and the present, Purina earned more than $5 million in gross revenue from purchases made of the challenged products in the United States.

26. The amount paid by Plaintiff (and the putative class) exceeds Purina's gross receipts from wholesale distribution because Plaintiff bought the challenged products at a retailer, which sells the products for more than wholesale cost. *See* Compl. ¶ 22 (Plaintiff purchased challenged products at a PetSmart).

27. In addition to seeking damages and restitution in the amount of the purchase price, Plaintiff also seeks additional damages, corrective advertising, injunctive relief in the form of prohibiting the allegedly deceptive conduct in the future, and attorney's fees.

28. As a result, the amount in controversy from Plaintiff's request for restitution and damages, corrective advertising, injunctive relief, and attorney's fees on behalf of himself and the proposed class exceeds $5 million.

**CONCLUSION**

29. Because the amount in controversy exceeds $5 million, because Purina's citizenship differs from at least one member of the putative nationwide class, and because the proposed class exceeds 100 members, CAFA confers subject-matter jurisdiction.

30. If any question arises about the propriety of removal, Purina requests an opportunity to submit briefing and present oral argument in support of removal before an order resolves the question.

31. Nothing about this removal waives (or should be construed to waive) any available right, argument, or objection.

32. Purina respectfully reserves the right to amend or supplement this Notice.

Dated: November 26, 2024					Respectfully submitted,

/s/ *Keri E. Borders*
Keri E. Borders
Rebecca B. Johns
King & Spalding LLP
633 W. Fifth St.
16th Floor
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: kborders@kslaw.com
rjohns@kslaw.com

Livia M. Kiser
King & Spalding LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Email: lkiser@kslaw.com

*Attorneys for Defendant*
*Nestlé Purina Petcare Company*